**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| SHANNON OATES JEFFERSON, individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| vs. | Case No.1:25-cv-00375-LMB-LRV |
| TRIDENT MARITIME SYSTEMS, LLC, | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF**

**PROPOSED CLASS ACTION SETTLEMENT AND FOR ISSUANCE OF NOTICE TO**

**SETTLEMENT CLASS**

## I. INTRODUCTION

Shannon Oates Jefferson ("Plaintiff," "Named Plaintiff," or "Representative Plaintiff"), on behalf of herself and the proposed Settlement Class ("the Settlement Class" or "the Class") respectfully submits this Memorandum in Support of her Motion for Preliminary Approval of the Class Action Settlement Agreement and for Issuance of Notice to Settlement Class with Trident Maritime Systems, LLC ("Trident" or "Defendant") as fair, adequate, and reasonable. This is a data breach class action alleging that Trident failed to protect its consumers' sensitive personally identifiable information (hereinafter "PII"), during which there was unauthorized access to Trident's computer network ("Data Breach" or "Data Security Incident"). The Data Security Incident occurred between February 1, 2023 and February 10, 2023 and Plaintiff contends that Trident allowed access to proposed Class Members' PII, including their personal information such as names, Social Security numbers, and dates of birth. Additionally, Plaintiff received Trident's

1

notification letter informing her of the Data Breach in or around February 18, 2025: 24 months after Defendant learned of the suspicious activity. Plaintiff's Complaint ("Compl.")

Plaintiff sued Trident to recover damages resulting from the Data Security Incident. Defendant denies the allegations and contentions against it in this litigation and denies all wrongdoing or liability. Nevertheless, Defendant agrees that continuing to litigate would be time consuming, burdensome, and expensive, and that it is therefore desirable to fully and finally settle this litigation in the manner and upon the terms set forth in the Settlement Agreement.

The proposed Settlement achieves that goal by securing several benefits for the prospective Settlement Class. At its core, under the settlement, Trident will deposit $210,000.00 into a non-reversionary Settlement Fund that will be used to compensate the proposed Class Members for their losses, which is an excellent result for the injured parties.

For the reasons stated herein, the Court should grant preliminarily approval of the Settlement, appoint Plaintiff as Class Representative, appoint Plaintiff's counsel as Class Counsel, set a date for the final approval fairness hearing, and approve the Parties' Notice program.

## II. FACTUAL BACKGROUND

### A. The Data Breach, Plaintiff's Claims, and Procedural History

Defendant is a shipbuilding company based in Virginia. Defendant offers engineered maritime solutions, specializing in cryogenic insulation, marine outfitting, system integration, automation, hybrid propulsion, energy management, scrubber installation and environmental solutions. As part of its business, Defendant is entrusted with, and obligated to safeguard and protect, the PII of Plaintiff and the Class Members in accordance with all applicable laws.

The unauthorized party had access to customers' Private Information starting in February 2023 and continued to have access for at least 9 days until Defendant was able to stop the unauthorized access in February of 2023. Trident informed the impacted individuals of the Data Breach via notification letter in or around February 2025. As a result, Plaintiff's PII was allegedly stolen and Plaintiff contends all Class Members have and/or will continue to suffer harm due to

the exposure of their PII. Thus, Plaintiff alleges that Trident failed to implement reasonable measures to ensure the protection of its consumers' PII within its possession.

## III. PROCEDURAL HISTORY

On February 27, 2025, Plaintiff, individually and on behalf of a putative class, filed an action against Trident in the Eastern District of Virginia, titled *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375-LMB-LRV. The complaint alleged Negligence, Negligence Per Se, Breach of Confidence, Breach of Implied Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, and Declaratory Judgment. The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties. As a result, Plaintiff now brings forth the instant motion.

## IV. SETTLEMENT OUTLINE [1]

### A. Class Definition

The proposed Settlement Class includes "all persons Trident identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach."

### B. Settlement Benefits

The proposed Settlement secures several benefits for the Class. First, Trident will deposit $210,000 into a non-reversionary Settlement Fund. *Id.* § § 1.35, 2.2 In addition to administrative costs and attorneys' fees, the aforementioned amount will be used to provide the following Settlement Benefits: three (3) years of one-bureau Credit Monitoring Services, and either reimbursement for Out-of-Pocket expenses or Attested Time (time spent remedying the effects of

---

[1] A full recitation of the terms of the proposed Settlement can be found in the Agreement, attached hereto as Exhibit 1

the Data Breaches supported by documentation) up to $5,000.00, respectively; or an alternative cash payment of (presumptively) $100 for Participating Settlement Class members.

### C. Service Award

In addition to the above relief, Trident has agreed to, and proposed Class Counsel may apply for, a Service Award of $1,500 for Plaintiff, as reimbursement for her contribution to this case. Agreement § 96

### D. Class Notice, Objections, and Opt-Outs

Within seven (7) calendar days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members, to the extent mailing addresses are known. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request.  The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance

4

with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. *Id.* § 80

Furthermore, The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member and his/her attorney, if applicable, have submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. *Id.* § 81

### E. Release

To receive the Settlement's benefits, Plaintiff and Class Members are required to discharge Trident from all Released Claims related to the Data Breach. S.A. § 89 The release will occur on the Effective Date, which is thirty-five (35) days after the Court enters its "Final Order and Judgment" approving the settlement and the expiration of all appeals. *See id.* § 22.

### F. Attorneys' Fees and Service Awards

At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees not to exceed one-third of the value of the Settlement, or $70,000.00, and litigation expenses up to $5,000, to be paid from the Settlement Fund. Prior to the disbursement or payment of the Fee Award and Expenses under

this Agreement to Srourian Law Firm, P.C.. Srourian Law Firm, P.C. shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than forty-five (45) days after the Effective Date. S.A. § 98.

## V.    THE    COURT    SHOULD    DIRECT    NOTICE    OF    THE    PROPOSED SETTLEMENT BE ISSUED TO THE CLASS

When confronted with a settlement and proposal to certify a class for settlement purposes, the court must ascertain whether to issue notice to the settlement class. *See generally* Fed. R. Civ. P. 23(e). The parties must provide sufficient information so the court can determine whether notice is appropriate. *Id.* § (e)1(A). Subsequently, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *Id.* § (e)(B)(i)(ii).

### A. The Proposed Settlement is Fair, Adequate, and Reasonable Under R.23(e)(2)

Rule 23(e)(2) provides that a proposed settlement may be approved only after a hearing and on a determination that it is fair, reasonable, and adequate. Approval of a proposed settlement is committed to the sound discretion of the court. *See Berry v. Schulman,* 807 F.3d 600, 608 (4th Cir. 2015). In determining whether a settlement is fair, reasonable, and adequate, the Court must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The court's Rule 23(e) obligations are addressed with a "two-level analysis." *In re The Mills Corp. Sec. Litig.,* 265 F.R.D. 246, 254 (E.D. Va. 2009). To determine whether a settlement is fair, the Court considers the four factors set forth by the Fourth Circuit in *Jiffy Lube:* "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel." *In re Jiffy Lube Securities Litigation,* 927 F.2d 155, 159 (4th Cir. 1991). To determine whether a settlement is adequate, the courts also look to: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Id.*

Evaluation under these enumerated factors confirms that the instant proposed Settlement is fair, adequate, and reasonable. Accordingly, the Court should issue notice of the Settlement to the Class.

**1. Class Representative and Class Counsel have Adequately Represented the Class.**

As discussed more thoroughly below, Plaintiff has adequately represented the Class. So too has proposed Class Counsel. Prior to the initiation of the litigation, Plaintiff's attorneys conducted extensive investigations into the Data Breach to understand Trident's business, its relationship with proposed Class Members, the facts concerning the incidents, and Trident's response thereto. *See* the Declaration of Daniel Srourian ("Srourian Dec."). Specifically, proposed Class Counsel analyzed Defendant's notice to determine the extent to which it complied with

applicable notice requirements, conducted legal research, and prepared a complaint asserting several theories of liability, including the eight (8) causes of action that ultimately were asserted in the Complaint. *See e.g.,* Compl.

Plaintiff's attorneys also have extensive experience litigating complex class actions, including those pertaining to data privacy breaches, where they often serve as lead or co-lead counsel. (*See* Daniel Dec.) Counsel's substantial experience with data breach litigation also allowed them to negotiate for and reach a proposed settlement that they believe is in the best interest of the Plaintiff and the Class. Thus, proposed Class Counsel's experience and knowledge of this specific facet of class action litigation combined with the diligent work performed thus far, establishes that they have adequately represented the Class.

### 2. The Proposed Settlement was Negotiated at Arm's Length.

The proposed Settlement was negotiated by Counsel following months of contested litigation and the informal exchange of discovery. *See* Daniel Dec; see *also In re NeuStar, Inc. Sec. Litig.,* No. 1:14-CV- 885(JCC/TRJ), 2015 U.S. Dist. LEXIS 129463, at *26 (E.D. Va. Sep. 23, 2015) (adversarial encounters support a finding of arms' length negotiations). As such, this factor is also satisfied.

### 3. The Relief Provided to the Class is Adequate.

Pursuant to the forthcoming discussion, the relief offered to Class Members in the proposed Settlement is more than adequate under the factors described in Rule 23(e)(2)(C).

### a. The Costs, Risks, and Delay of Trial and Appeal.

While Plaintiff believes in the merits of her claims, she also recognizes the risks, costs, and time involved in prosecuting the present case through the exhaustion of all appeals. Data breach cases involving personal information such as names, Social Security numbers, and dates of birth are among the most risky. *Alleruzzo v. SuperValu, Inc. (In re SuperValu, Inc., Customer Data Sec. Breach Litig.),* 870 F.3d 763, 770 (8th Cir. 2017). Should the case continue, the Parties would engage in costly discovery (including retaining expert witnesses), in addition to class certification briefing and dispositive motion practice. Each step is rife with risk. *See,* e.g., *In re Hannaford*

*Bros. Co. Customer Data Sec. Breach Litig.,* 293 F.R.D. 21 (D. Me. 2013) (discussing the potential for the Court to deny class certification in data breach cases); *see also In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-mn-02972-JFA, 2024 U.S. Dist. LEXIS 86740, at *93-94 (D.S.C. May 14, 2024) (denying plaintiffs' motion to certify the class after years of litigation) Considering the inherent uncertainty of litigation, if this case were to proceed, there is also a non-insubstantial probability that Class Members would receive significantly truncated benefits, or no benefits at all.

In contrast, the proposed Settlement provides certain and substantial relief to the proposed Class without delay and is within the range of reasonableness, particularly considering the risks of continued litigation. Specifically, the Settlement ensures that any Class Member claiming to have suffered losses because of or reasonably tied to the Data Breach will receive guaranteed compensation, including three (3) years of one-bureau credit monitoring services and one of the following: reimbursement for Out-of-Pocket Expenses, Attested Time spent repairing the aforesaid damages, or a one-time cash payment. *See generally* S.A. § 59 . In addition, any amount remaining in the Net Settlement Fund after all distributions to Class Members will go to Virginia Legal Aid Society, Inc., the Non-Profit Residual Recipient. *Id.* §§ 42 Therefore, the Settlement Benefits and substantial costs and risks inherent in a lengthy trial (and likely subsequent appeal) support a finding that the proposed Settlement is adequate.

**b. The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims.**

The Parties have agreed upon Simpluris, Inc. ("Simpluris"), a Claims Administrator that is competent and familiar with handling data breach settlements. *See* Simpluris Firm Resume, Exhibit D. The Short Form Notice of the Settlement will be sent via U.S Mail to each of the Class Members, while the Long Form Notice will be posted on the Settlement Website. *SA.* § 451. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members. *Id.* § 78. Ultimately, the Claims Administrator will review and

determine the validity of submitted claims and will afford Claimants the opportunity to cure deficiencies pursuant to the terms of the Settlement. *See S.A.* Class members with valid claims for reimbursement will receive electronic payments or checks in the mail within sixty (60) days of the Effective Date. The previously mentioned process guarantees that all Class Members have an opportunity to seek relief, have their claims fairly assessed by an experienced administrator, and ensures that they will receive the Settlement Benefits in a timely manner. As such, this factor also supports a finding that the proposed Settlement is adequate.

**c. The Terms of Any Proposed Award of Attorneys' Fees.**

"Plaintiff's attorneys in a successful class action lawsuit may petition the Court for compensation relating to any benefits to the Class that result from the attorneys' efforts." *Brown v. Transurban USA, Inc.,* 318 F.R.D. 560, 575 (E.D. Va. 2016) (citing *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980)). Additionally, Rule 23 explicitly allows the Court to "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." *See* Fed. R. Civ. P. 23(h).

The Agreement specifies that Plaintiff may seek her reasonable costs and expenses (to be paid from the Settlement Fund) from the Court. *Id.* This fee award was negotiated only after the substantive material terms of the Settlement were agreed upon by the Parties, and therefore, has no effect on the benefits to the Class. Daniel Dec.

As a result, the above analysis further establishes that the Settlement is fair and adequate.

**d. Any Agreement Required to be Identified Under Rule 23(3)(3).**

As no such agreement exists, this factor is inapplicable to the instant case.

**4. The Proposed Settlement Treats Class Members Equitably.**

Fed. R. Civ. P. 23(e)(2)(D) requires that the proposed settlement treat class members equitably. Here, all Class Members will have the opportunity to enroll in credit monitoring services, file claims for reimbursement of their Out-of-Pocket losses and Attested time, as well as opt for Alternative Cash Payments. *See generally* S.A. § 59. As the Settlement's benefits will be

apportioned in accordance with each Class member's alleged injury, the above analysis supports a finding that the Court approve the proposed Settlement.

**B. The Proposed Settlement Class Meets the Requirements for Certification.**

Class certification is proper if the proposed class, the proposed class representatives, and the proposed class counsel satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Fed. R. Civ. P. 23 (a) (1)-(4). In addition to meeting the requirements of Rule 23(a), plaintiffs seeking class certification must also meet at least one of the three provisions of Fed. R. Civ. P. 23(b). *See id.* When plaintiffs seek class certification under Rule 23(b)(3), the representatives must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. *Id.; Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 615-16 (1997). Additionally, prior to issuing notice of the proposed Settlement, the Court must find that it will "likely be able to . . . certify the class for purposes of judgment." *See* Fed. R. Civ. P. 23(e)(1)(B); *Amchem,* 521 U.S. at 620. Because Plaintiff and the Class Members satisfy all the Rule 23(a) and 23(b)(3) prerequisites, certification of the proposed Settlement Class is proper.

**1. The Settlement Class Meets the Requirements of Rule 23(a)** .

**a. Numerosity is Satisfied.**

If "the class is so numerous that joinder of all members is impracticable," numerosity is satisfied. *See* Fed. R. Civ. P. 23(a)(1). No specified number is needed to maintain a class action under Rule 23; Application of the rule is to be considered in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final." *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967).

Here, the proposed Class includes over 5,111 individuals whose PII was comprised because of Trident's Data Breach. *See* S.A. § 45. Consequently, the numerosity requirement is satisfied. *See Brady v. Thurston Motor Lines,* 726 F.2d 136, 145 (4th Cir. 1984) (finding that a class size of seventy-four satisfied the numerosity requirement).

11

**b. Commonality is Satisfied.**

The second requirement for certification is that "there are questions of law or fact common to the class." *See* Fed. R. Civ. P. 23(a)(2). Commonality is demonstrated when the claims of all class members "depend upon a common contention . . . that is capable of class-wide resolution." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). Thus, the resolution of the common question "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Moreover, "a single common question will do." *Id.* at 359.

Presently, all proposed Class Members' claims involve common questions of law and fact regarding Trident's data security. *See,* e.g., Compl. In addition, all their claims arise out of Trident's alleged insufficient data security procedures. Because Trident's data security was consistent amongst all Class Members, evidence of its purported deficient practices would have been common within the proposed Class, which alone sufficiently establishes commonality.

**c. Typicality is Satisfied.**

Class representative's claim must be typical of those of the Class Members. Fed. R. Civ. P. 23(a)(3). When determining typicality under Rule 23(a)(3), Courts conduct an inquiry into the representative's "… ability to represent a class...." *Dieter v. Microsoft Corp.,* 436 F.3d 461, 466 (4th Cir. 2006). "The premise of the typicality requirement is… as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Disc. Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 399 (6th Cir. 1998)). But "completely identical" situations amongst class members are not required to satisfy the typicality requirement. *Solomon v. Am. Web Loan,* No. 4:17cv145, 2020 U.S. Dist. LEXIS 112782, at *8 (E.D. Va. June 26, 2020) (citing *Chisolm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563-64 (E.D. Va. 1999). Simply put, the "plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim." *Dieter,* 436 F.3d at 466-67.

Typicality is satisfied here. Particularly, Named Plaintiff's claims and the Class Members' claims arise from the same data security lapses. *See generally* Compl. Plaintiff is typical of the

12

proposed Class because she possesses the same interests and suffered harm from the same purported neglect as the absent Class Members. *Id.* Notably, Representative Plaintiff and the Class Members all have an interest in safeguarding their personal information that was stored in Trident's computer network and was subsequently accessed by cybercriminals in the twenty-four (24) month hacking incident. Not only did they all suffer the same categories of alleged injuries, the litigation of Named Plaintiff's claims will also advance the interests of all Class Members. As such, this factor is also satisfied.

### d. Adequacy is Satisfied.

Lastly, the representative plaintiff must adequately and fairly protect the interests of the Class. *See* Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry ... serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem,* 521 U.S. at 625. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)). "For a conflict of interest to defeat the adequacy requirement, 'that conflict must be fundamental.'" *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (quoting *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003)). "A conflict is not fundamental when ... all class members 'share common objectives and the same factual and legal positions [and] have the same interest in establishing the liability of [defendants].'" *Id*. (alterations in original) (citation omitted). Where the proposed class representatives "possess the same interest and suffer the same injury" as the proposed class members and "possess undivided loyalties" to them, they are adequate representatives. *Broussard*, 155 F.3d at 338 (quoting *East Tex. Motor Freight Sys*., 431 U.S. at 403).

Here, the Plaintiff is an adequate class representative. Particularly, she has no conflict with other Class Members, has competently represented the Class thus far, and her interests and those of the proposed Class Members are aligned, as mentioned immediately above. See *Solomon*, 2020 U.S. Dist. LEXIS 112782, at *9 (holding that the adequacy requirement was satisfied since

plaintiffs and the proposed class members were allegedly harmed by the same event). Therefore, this requirement is also satisfied.

**2. The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).**

After satisfying the threshold requirements of Rule 23(a), Representative Plaintiff must show that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is superior to other available methods of adjudicating the claims. See Fed. R. Civ. P. 23(b)(3).

**a. Predominance is Satisfied**

The aforesaid rule's predominance requirement addresses whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "If the 'qualitatively overarching issue' in the litigation is common, a class may be certified notwithstanding the need to resolve individualized issues." *Souter v. Equifax Info. Servs., LLC*, 307 F.R.D 183, 214 (E.D. Va. 2015) (citing *Ealy v. Pinkerton Gov't Servs.*, 514 F. App'x 299, 305 (4th Cir. 2013)). Common liability concerns exist when class members "all assert injury from the same action." *Gray v. Hearst Commc'ns, Inc*., 444 F. App'x 698, 701-02 (4th Cir. 2011); see also *Stillmock v. Weis Markets, Inc*., 385 F. App'x 267, 273 (4th Cir. 2010).

Presently, common issues predominate because the central liability question-whether Trident's Data Breach compromised Plaintiff's and the Class Members' personally identifiable information-can be established through generalized evidence. Moreover, the proposed Settlement seeks to resolve the forthcoming categories of factually related causes of action, to-wit: Negligence, Negligence Per Se, Breach of Confidence, Breach of Implied Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, and Declaratory Judgment. Compl. Each of these claims derive from the same factual basis: Trident maintained the personally identifiable information of the proposed Class Members on its computer systems; 2) Trident had a duty to safeguard their PII; 3) Trident was derelict in that duty when it allowed unauthorized access to Plaintiff's and Class Members' PII during the Data Breach;

and 4) Plaintiff and all Class Members were similarly harmed as a result of the aforementioned dereliction. Hence, the common factual and legal issues predominate over any potential individual concerns of Class Members.

**b. Superiority is Satisfied.**

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy…." 7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed. 2005). The Court must therefore consider whether a class action is "superior" to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). "With settlement classes, however, courts need not consider the last factor, 'whether the case, if tried, would present intractable management problems, for the proposal is that there will be no trial.' *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 569 (E.D. Va. 2016) (quoting *Amchem*, 521 U.S. at 593).

Additionally, when the recovery for individual claimants is likely to be small, class litigation is superior since there is little incentive for individual litigation. See *Brown*, 318 F.R.D at 560; see also *Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Class action adjudication is proper in the present matter. Although individual damages in this case are potentially modest, the Settlement provides an opportunity for Class Members to seek a monetary recovery of up to $5,000; three (3) years of one-bureau credit monitoring services; and (3) an alternative cash payment up to $100,

15

respectively. See e,g., S.A. § 59. The Settlement also provides an "opt-out" option, affording those impacted by the Data Breach the opportunity to pursue individual litigation. Id. § 80.

Considering the likelihood of expensive, protracted, and uncertain individual litigation, consolidation of the claims before this Court is desirable, Moreover, the proposed Class provides its members with the greatest opportunity to obtain a favorable settlement. Therefore, judicial economy requires that the Court resolve this case as a class adjudication. See *Brown*, 318 F.R.D. at 569.

Since Plaintiff requests the Court certify her claims solely in furtherance of the Settlement, there are no manageability issues. See *Amchem*, 521 U.S. at 620. Additionally, the resolution of innumerable claims in one action is preferable to individual lawsuits, as it promotes consistency and efficiency. *Id*. at 617 (noting the "policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). Consequently, certification for purposes of the proposed Settlement is proper.

## VI. THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

When certifying a class, Rule 23 requires a court to appoint class counsel that will fairly and adequately represent the class members. Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court considers, inter alia, counsel's: (a) work in identifying or investigating potential claims; (b) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (c) knowledge of the applicable law; and (d) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Pursuant to the above discussion, proposed Class Counsel have extensive experience in data breach class action cases. See Daniel Dec. In addition, proposed Class Counsel have spent months litigating this matter, including extensive research, and the exchange of informal discovery. As a result of their efforts, the proposed Settlement provides considerable monetary and

equitable relief to each of the proposed Class Members. *See generally* Agreement. Thereupon, the Court should appoint Daniel Srourian as Class Counsel.

### VII. THE PROPOSED NOTICE PLAN MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS

To satisfy the requirements of both Rule 23 and due process, Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly requires that notice be reasonably disseminated to those who would be bound by the court's judgment. Fed. R. Civ. P. 23(e)(1). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Here, the proposed Short Notice and Long Notice (*See* Agreement § 51 & 27) ("Notices"), satisfy all of the criteria of Rule 23. Specifically, the Notices are legible and provide the proposed Class Members with the requisite information to allow evaluations regarding whether to participate in the proposed Settlement. The Notices also advise the proposed Class on how to object to the Settlement and the request for attorneys' fees and costs. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 808 (1985) (explaining that a settlement notice must provide settlement class members an opportunity to present their objections); *see also* Exhibit B-C ("Notice Exhibits"). Consequently, the Notices satisfy the requirements of Rule 23.

Additionally, the Claims Administrator will create a website with pertinent Settlement information for proposed Class Members. *Id.* § 4.2(b). In sum, the Court should find that the proposed methods for providing Notice to the proposed Class comports with both Rule 23 and the applicable due process considerations.

## VIII. CONCLUSION

For the foregoing reasons, Representative Plaintiff respectfully asks that the Court (1) enter an order directing issuance of Class Notice pursuant to Rule 23(e)(1); (2) appoint Shannon Oates Jefferson as Representative Plaintiff; (3) appoint Plaintiff's Counsel as Class Counsel; grant preliminary approval of the proposed Settlement Agreement; (4) approve the form and manner of notice described above and in the Settlement Agreement; and (5) set a date for a final approval fairness hearing.

Dated: June 23, 2025                    Respectfully submitted,

*/s/ David Hilton Wise*
David Hilton Wise, VA Bar No. 30828
Dylan Scout Graham, VA Bar No. 100051
**WISE LAW FIRM PLC**
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
dgraham@wiselaw.pro

Daniel Srourian, Esq.*
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr Ste 200

Beverly Hills, California 90210
Telephone:    (213) 474-3800
Facsimile:    (213) 471-4160
Email:        daniel@slfla.com

*Counsel for Representative Plaintiff and the Proposed Class(es)*

*\*Pro Hac Vice*

18

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 23rd day of June 2025, a copy of the foregoing was

served electronically through CM/ECF to all counsel of record.

/s/    *David Hilton Wise*
David Hilton Wise

**Exhibit 1**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| SHANNON OATES JEFFERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>TRIDENT MARITIME SYSTEMS, LLC<br><br>Defendant. | Case No. 1:25-cv-00375-LMB-LRV |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Shannon Oates Jefferson ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class (defined below); and (ii) Trident Maritime Systems, LLC ("Defendant" or "Trident") in the case *Jefferson v. Trident Maritime Systems LLC*, United States District Court for the Eastern District of Virginia, Case No. 1:25-cv-00375-LMB-LRV. Plaintiff and Defendant are collectively referred to herein as the "Parties." The lawsuit being resolved is referred to herein as the "Litigation."

## I. FACTUAL BACKGROUND AND RECITALS

1. Plaintiff alleges that, between February 1, 2023, and February 10, 2023, an unauthorized actor gained access to Trident's computer network (the "Data Incident"). Plaintiff alleges that this hacking exposed certain personally identifiable information ("PII") of Plaintiff and others. Specifically, the following types of PII were allegedly exposed: names, Social Security numbers, dates of birth. Trident began notifying Plaintiff and the putative Settlement Class about the Data Incident, and Plaintiff received a notice on February 18, 2025.

2. On February 27, 2025, Plaintiff, individually and on behalf of a putative class, filed an action against Trident in the Eastern District of Virginia, titled *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375-LMB-LRV. The complaint alleged Negligence, Negligence *Per Se*, Breach of Confidence, Breach of Implied Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, and Declaratory Judgment.

1

3.    The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

4.    Trident denies all allegations of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaint. Despite Trident's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Trident desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

5.    The Parties now enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

6.    Considering the risks and uncertainties of continuing the Litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

7.    In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.    **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

8.    **"Alternative Cash Payment"** means a cash payment of One Hundred Dollars and Zero Cents ($100.00), which a Class Member may claim in lieu of any other benefits under this Settlement Agreement, as set forth in Paragraph 59(iv) and which shall be paid from the Settlement Fund.

9.     "**Approved Claims**" shall mean complete and timely Claim Form submitted by Settlement Class Members that have been approved by the Settlement Administrator and which shall be paid from the Settlement Fund.

10.     "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit C**.

11.     "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Date is entered. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

12.     "**Class Counsel**" shall mean Daniel Srourian of Srourian Law Firm P.C.

13.     "**Counsel**" or "**Counsel for the Parties**" means both Class Counsel and Defendant's Counsel, collectively.

14.     "**Court**" shall mean the Honorable Judge Leonie M. Brinkema, or any other District Court or Magistrate Judge of the United States District Court for the Eastern District of Virginia presiding over this Litigation.

15.     "**Credit Monitoring Services**" means three (3) years of credit monitoring to Participating Settlement Class Members under the Settlement. These services include three-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

16.     "**Data Incident**" means the unauthorized third-party activity on Trident's computer systems that Trident experienced between February 1, 2023, and February 10, 2023, and which is the subject of this Litigation.

17.     "**Defendants**" shall mean Trident Maritime Systems, LLC.

18.     "**Defendant's Counsel**" shall mean James Davidson of O'Hagan Meyer, PLLC.

19.     "**Effective Date**" shall mean the date ten days after the Settlement Agreement becomes Final.

20.     "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses, as well as Service Awards for the Class Representatives.

21.     "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

22.     "**Final**" means each and every of the following conditions have occurred:  (1) this Settlement Agreement has been fully executed by all Parties and their counsel; (2) Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this

3

Settlement Agreement, and approving the Notice Program and Claim Form, as provided herein; (3) the Court—approved Notice has been sent and the Settlement Website has been fully created and maintained as ordered by the Court; (4) if there are no objections to the proposed settlement submitted, or any timely objections have been submitted and then withdrawn before entry of the Final Approval Order, the Final Approval Order and Judgment has been entered on the docket, or if an objection to the settlement has been submitted by a member of the Settlement Class found by the Court to have standing to object, thirty-five (35) calendar days after the Court enters the Final Approval Order; and (5) either the time to appeal from such order has expired and no appeal has been timely filed; or  if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either the time to further appeal from such order has expired and no further appeal is taken from such order(s) or any such appeal has been finally resolved and results in affirmation of such order(s) with no right to pursue further remedies or relief existing.

23.    "**Final Approval Hearing**" means the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award and Expenses, and approving a Service Award to the Class Representatives.

24.    "**Final Approval Order**" shall mean an order and judgement entered by the Court, in substantially the same form as the one attached hereto as **Exhibit E**, that:

     i.    Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

     ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

     iii.    Dismisses Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

     iv.    Approves the Release provided in Section IX and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

     v.    Includes as an exhibit a list of individuals who timely and validly opted out of the Settlement;

     vi.    Reserves jurisdiction over the Settlement and this Settlement Agreement; and

     vii.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

25.    "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Settlement Class Members about class action settlements and specifically about this Settlement.

26.    "**Litigation**" shall mean the action captioned *Jefferson v. Trident Maritime Systems, LLC*, Case No. 1:25-cv-00375-LMB-LRV, United States District Court for the Eastern District of Virginia.

27.    "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B**, which will be posted on the Settlement Website and will include robust details about the Settlement.

28.    "**Lost Time**" means time spent trying to prevent and redress misuse of PII, including monitoring financial or other accounts, researching the Data Incident, researching credit monitoring options or communicating with financial or other institutions, or taking other actions reasonably related to, or in response to, receipt of notice of Data Incident.

29.    "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (1) Notice and Administrative Expenses; (2) Fee Award and Expenses; and (3) Service Awards.

30.    "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits A and B**. The Notice Deadline in this case will be 30 days after the Preliminary Approval Order is entered.

31.    "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members and will occur 30 days after the Preliminary Approval Order is entered.

32.    "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

33.    "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

34.    "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

35.    **Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

36.    "**Parties**" shall mean Plaintiff and Defendant, collectively.

37.    "**Plaintiffs**" or "**Class Representatives**" shall mean the named class representative, Shannon Oates Jefferson.

38.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

39.    "**Released Claims**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

40.    "**Released Parties**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

41.    "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Participating Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

42.    "**Remainder Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid, Approved Claims to Participating Settlement Class Members have been made, and after a second round of *pro rata* distributions to Participating Settlement Class Members who submitted Approved Claims has been made. The funds remaining in the Settlement Fund after completion of these disbursements and after the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to Virginia Legal Aid as a *cy pres* distribution.

43.    "**Service Award**" shall have the meaning ascribed to it as set forth in Section X of this Settlement Agreement. The Service Awards requested in this matter will be $1,500 to Plaintiff, subject to court approval, and are to be paid from the Settlement Fund.

44.    "**Settlement Administrator**" means, subject to Court approval, Simpluris, Inc., an entity jointly selected and supervised by Class Counsel and Defendant to administer the settlement.

45.    "**Settlement Class**" or "**Class**" means "All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC experienced between February 1, 2023 and February 10, 2023." Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for

Exclusion prior to the Opt-Out Deadline. For purposes of settling this Action, the Parties conditionally stipulate and agree that the requirements for establishing class certification with respect to the Settlement Class have been met, and that the Settlement Class is comprised of 5,111 individuals.

46.     "**Settlement Class List**" means a list of each Settlement Class Member's full name, current or last known address, where available, which Defendant or Defendant's agent shall provide to the Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order.

47.     "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

48.     "**Settlement Fund**" means the non-reversionary common fund amount of Two Hundred Ten Thousand ($210,000) to be paid by, or on behalf of, Defendants, this being the full and complete limit and extent of Defendant's obligations with respect to the Settlement.

49.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment from the Settlement Administrator to Participating Settlement Class Members who have made Approved Claims.

50.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-E** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a claim, objection, or exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website shall not include any advertising. The Settlement Website will remain active until 90 days after the Effective Date.

51.     "**Short Form Notice**" is the postcard notice that will be mailed to each available Settlement Class Member.

52.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

53.     "**Unreimbursed Economic Losses**" means out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are supported by reasonable third-party documentation. "Unreimbursed Economic Losses" include things such as losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or

identity theft insurance, and such expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

## III.  **SETTLEMENT FUND**

54.  **Establishment of Settlement Fund**. Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall cause to be deposited the Settlement Fund monies into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendants, and Class Counsel.  The Settlement Administrator shall provide its estimate of the preliminary Notice of Administration Expenses, wiring instructions, and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Preliminary Approval Order.  Following Defendant's payment of the Settlement Fund monies as described in this Paragraph, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.  To the extent this Settlement Agreement does not become Final, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator.

55.  **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

56.  **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 87.

57.  **Use of the Settlement Fund**. As further described in this Agreement and in Exhibit B, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) reimbursement for Unreimbursed Economic Losses, Lost Time, and Alternative Cash Payments; (2) Notice and Administrative Expenses; (3) Service Award payments approved by the Court; and (4) the Fee Award and Expenses awarded by the Court. No amounts may be withdrawn from the

Settlement Fund unless expressly authorized by this Agreement or approved by the Court. Responsibility for effectuating payments described in this paragraph shall rest solely with the Settlement Administrator and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

58. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.  However, where a Settlement Class Member who is entitled to more than Five Hundred And Ninety-Nine Dollars and No Cents ($599.00) fails to submit an IRS Form W-9 (or equivalent tax document), the Settlement Administrator shall consult with counsel to determine how to remit payment to the Settlement Class Member (*i.e.*, capped at Five Hundred And Ninety-Nine Dollars and No Cents ($599.00) or withholding necessary taxes and sending the remainder to the Settlement Class Member).

## IV.    SETTLEMENT BENEFITS AND ADMINISTRATION

59.    The Settlement Administrator will agree to make the following compensation from the Settlement Fund available to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

    i.  **Credit Monitoring**: All Participating Settlement Class Members are eligible to enroll in three (3) years of Credit Monitoring Services, upon submission of a valid Claim Form regardless of whether the Participating Settlement Class Member submits a claim for reimbursement of Unreimbursed Economic Losses or Lost Time. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within forty-five (45) days of the Effective Date that can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180-day period. The provider shall provide Credit Monitoring Services to all valid claimants who timely activate those services for a period of three (3) years from the date of activation. Credit Monitoring Expenses, the administration of which will be overseen by Class Counsel, will be paid for from the Settlement Fund.

ii.    **Compensation for Unreimbursed Economic Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $5,000 per person who is a Participating Settlement Class Member, upon submission of a claim and supporting documentation, for Unreimbursed Economic Losses as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members seeking reimbursement for economic losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

iii.    **Compensation for Lost Time**: The Settlement Administrator, from the Settlement Fund, will provide compensation for up to 3 hours of lost time, at $25.00/hour ($75.00 cap), for time spent mitigating the effects of the Data Incident. Participating Settlement Class Members may submit claims for up to 3 hours of lost time with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Data Incident. This attestation may be completed by checking a box next to the sentence: "I swear and affirm that I spent the amount of time noted in response to the Trident Data Incident." Claims for lost time can be combined with claims for unreimbursed ordinary and/or extraordinary economic losses but are subject to the $5,000 cap.

iv.    **$100 Cash Compensation (Alternative Cash Payment)**: Participating Settlement Class Members can elect to make a claim for a $100 Alternative Cash Payment in lieu of the settlement benefits outlined in Paragraph 59(i), (ii) and (iii). To receive this benefit, Participating Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim. The amount of the Alternative Cash Payments will be increased or decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments.

60.    **Assessing Claims for Unreimbursed Economic Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Unreimbursed Economic Losses reflect valid unreimbursed economic losses actually incurred that are fairly traceable to the Data Incident, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the

Settlement Administrator to consider whether the timing of the loss occurred on or after the date of the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

61.     **Assessing Claims for Lost Time**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

62.     **Assessing Claims for Alternative Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for an Alternative Cash Payment. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of any other benefits made available under this Settlement Agreement and, specifically, Paragraph 61(i), (ii) and (iii) above. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for an Alternative Cash Payment or any other benefits made available under this Settlement Agreement.

63.     **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Net Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, the Fee Award and Expenses, and Service Awards) to make payments for Approved Claims in this order: Unreimbursed Economic Losses, followed by Credit Monitoring, followed by Lost Time, followed by payments for Approved Claims for Alternative Cash Payments.

64.     **Disputes**. To the extent the Settlement Administrator determines a claim for Unreimbursed Economic Losses or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days, which shall be final. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

65.    **Contingencies**. In the event that the aggregate amount of all Settlement Payments exceeds the total amount of the Net Settlement Fund, then all valid Credit Monitoring and Unreimbursed Economic Loss Claims shall be paid in full to the extent the Net Settlement Fund is sufficient to fully pay all such claims, and then each valid Lost Time Claim and Alternative Cash Payment Claim shall be proportionately reduced on a *pro rata* basis. If the Net Settlement Fund is not sufficient to pay all valid Credit Monitoring and Unreimbursed Economic Loss Claims, then the valid Unreimbursed Economic Loss Claims shall be proportionately reduced on a *pro rata* basis. In no event shall the Settlement Fund be increased for any reason. In the event that the aggregate amount of all Settlement Payments does not exceed the Net Settlement Fund, then each Participating Settlement Class Member who is entitled to receive payment for an Unreimbursed Economic Loss Claim, a Lost Time Claim and/or an Alternative Cash Payment Claim shall receive additional funds increased on a  *pro rata* basis (in other words, the same additional amount is added to each claimant's payment) so that the Net Settlement Fund is depleted. In the event that settlement payments are increased on a *pro rata* basis, under no circumstances shall a Participating Settlement Class member receive more than three times the value of their original valid claim. All *pro rata* determinations required by this Paragraph shall be performed by the Settlement Administrator.

66.    **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Trident after the Effective Date. To the extent any monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to Virginia Legal Aid as a *cy pres* distribution.

67.    **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

68.    **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Participating Settlement Class Members shall remain valid

and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

69.    **Settlement Administration Fees**. The Settlement Fund amount provided by Defendants, or on behalf of Defendants, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties have solicited competitive bids for the settlement administration fees and agree to rely upon postcard reminder notice (to the extent that a reminder notice is necessary), and to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class. Settlement Administration Fees shall be paid through the Settlement Fund and are limited to the common fund amount.

70.    **Deceased Class Members**. If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator shall reissue the Settlement Check to the Participating Settlement Class Member's estate upon receiving proof the Participating Settlement Class Member is deceased and after consultation with Class Counsel.

71.    Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

72.    The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond payment of monies into the Settlement Fund in the amount set forth in Paragraph 48 above.

73.    Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in a manner mutually agreed upon by the Parties, and which shall consist of direct mail notice.

74.    After the Court enters an order approving the final Settlement Agreement, the Settlement Administrator shall make payments to all Participating Settlement Class Members that made a valid claim, subject to the procedure set forth herein.

75.    The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

76.      The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Defendant's Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Program and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses

## V.    ADDITIONAL SECURITY MEASURES

77.      **Additional Security Measures**. Trident has confirmed that it has made certain changes to its information security and will attest to these changes in a confidential declaration in support of the Settlement. Within thirty (30) days after the entry of the Preliminary Approval Order, Defendant shall provide Class Counsel with a confidential declaration or affidavit, suitable for filing under seal with the Court, attesting that agreed upon security-related measures have been implemented on or before and up to the date of the Preliminary Approval Order and identifying the approximate annual cost of those security-related measures. Costs associated with these security-related measures shall be paid by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund.

## VI.    SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

78.      **Notice**. Within seven (7) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members, to the extent mailing addresses are known. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

79.      **Final Approval Hearing**. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Section waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

80.      **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the

individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

81.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member and his/her attorney, if applicable, have submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

## VII.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

82.    **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Trident reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

83.    **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court or that is otherwise ordered by the Court.

84.    **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

85.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any

suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VIII.    <u>MODIFICATION AND TERMINATION</u>

86.    **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

87.    **Settlement Not Approved**. If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have 60 days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order and Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

88.    **Effect of Termination**. In the event of a termination as provided in Paragraph 87, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserve the right to contest class certification for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## IX.    **RELEASES**

89.    Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendant and their related entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, assigns, owners, directors, shareholders, officers, employees, principals, agents, attorneys, insurers, and reinsurers ("Released Parties") from any and all past, present, and future liabilities, rights, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, including, but not limited to negligence, negligence *per se*, breach of implied contract, breach of the implied covenant of good faith and fair dealing, breach of third-party beneficiary contract, unjust enrichment, breach of fiduciary duty, any state or federal consumer protection statute, misrepresentation (whether fraudulent, negligent, or innocent), bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and all relevant statutes in effect in any states in the United States as defined herein, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, or relate to the exposure of Private Information in the Data Incident, including conduct that was alleged or could have been alleged in the Lawsuit, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information, which the Class Representatives or any member of the Settlement Class ever had, now has, or hereinafter may have, prior to entry of the final order and judgment in this Action. Released Claims shall not include the right of Named Plaintiffs, Settlement Class Members, or any Released Person to enforce the terms of the Settlement Agreement and claims not arising from the facts alleged in the Action (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

90.    With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval of this Settlement Agreement, Releasors shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, by federal law, or principle of common law, or the law of any other jurisdiction, or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Class Representatives, the Settlement Class, and Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any unknown they may have, as that term is defined in this Paragraph. Settlement Class Representatives and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a key element of the Settlement Agreement.

91.     Released Claims shall not include the right of any Class Member or any of the Released Parties to enforce the terms of an eventual settlement (if a settlement is reached), and shall not include the claims of Class Members who, in the event a settlement is reached, have timely excluded themselves from the Settlement Class.

92.     Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

93.     **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

94.     **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Defendant and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

95.     **Bar to Future Suits.** Upon entry of the Final Approval Order, Releasors shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendant and their representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding

paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## X.    SERVICE AWARD PAYMENTS

96.    **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application that will include a request for Service Award payments for the Settlement Class Representatives in recognition for their contributions to this Action not to exceed $1,500.00 for Plaintiff. The Settlement Administrator shall make the Service Award payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than forty-five (45) days after the Effective Date.

97.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## XI.    ATTORNEYS' FEES, COSTS, EXPENSES

98.    **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees and litigation expenses up to $5,000 to be paid from the Settlement Fund not to exceed one-third of the value of the Settlement, or $70,000.00. Prior to the disbursement or payment of the Fee Award and Expenses under this Agreement to Srourian Law Firm, P.C.. Srourian Law Firm, P.C. shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than forty-five (45) days after the Effective Date.

99.    **No Effect on Agreement**.  In the event the Court declines to approve, in whole or in part, the payment of the Fee Award and Expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Expenses shall constitute grounds for termination of this Agreement.

## XII.    NO ADMISSION OF LIABILITY

100.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or

defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

101.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XIII.  <u>MISCELLANEOUS</u>

102.    **Records Retention Schedule.** It is agreed that upon the Final Approval Order of the Settlement, any prior Litigation Hold requirement shall be released and Trident will follow its normal protocol regarding retention of business records.

103.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

104.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

105.    **Deadlines**. If any of the dates or deadlines specified herein fall on a weekend or legal holiday, including without limitation the Notice Deadline, the applicable date or deadline shall be the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

106.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

107.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

108.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

109.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Virginia, without regard to the principles thereof regarding choice of law.

110.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

111.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

> Daniel Srourian
> Srourian Law Firm, P.C.
> 468 N. Camden Dr., Suite 200
> Beverly Hills, CA 90210
> Telephone: (213) 474-3800
> daniel@slfla.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

> James Davidson
> O'Hagan Meyer
> One East Wacker Dr., Suite 3400
> Chicago, IL 60601
> Telephone: (312) 422-6148
> jdavidson@ohaganmeyer.com

The notice recipients and addresses designated above may be changed by written notice.

112.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

113.    **Confidentiality of Discovery Material**. The Parties, Counsel for the Parties, and any retained or consulting experts, agree that each of them remain subject to the Confidentiality Agreement.

114.    **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

115.    **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

116.    **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ _____

Plaintiff Shannon Oates Jefferson




/s/ _____

Defendant Trident Maritime Systems, LLC




Dated: June 23, 2025                    Dated: June 23, 2025


/s/ _____            /s/ Daniel Srourian_____


James Davidson, Esq.                   Daniel Srourian, Esq.
**O'HAGAN MEYER**                       **SROURIAN LAW FIRM, P.C.**
One East Wacker Dr., Suite 3400        468 N. Camden Dr., Suite 200
Chicago, IL 60601                      Beverly Hills, CA 90010
Telephone: (312) 422-6148              Telephone: (213) 474-3800
jdavidson@ohaganmeyer.com              E: daniel@slfla.com

*Counsel for Defendant Trident Maritime*    *Counsel for Plaintiff and Proposed Settlement*
*Systems, LLC*                              *Class Counsel*

116.    **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/_____
Plaintiff Shannon Oates Jefferson


_____
Defendant Trident Maritime Systems, LLC


Dated: June 23, 2025                          Dated: June 23, 2025


/s/ James W. Davidson_____          /s/_____

James Davidson, Esq.                         Daniel Srourian, Esq.
**O'HAGAN MEYER**                            **SROURIAN LAW FIRM, P.C.**
One East Wacker Dr., Suite 3400              468 N. Camden Dr., Suite 200
Chicago, IL 60601                            Beverly Hills, CA 90010
Telephone: (312) 422-6148                    Telephone: (213) 474-3800
jdavidson@ohaganmeyer.com                    E: daniel@slfla.com

*Counsel for Defendant Trident Maritime*     *Counsel for Plaintiff and Proposed Settlement*
*Systems, LLC*                               *Class Counsel*

22

## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Trident | 5 days after Preliminary Approval Order |
| Trident provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Trident to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator to Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses, and Class Representative Service Award | 7 days after Effective Date |

23

| Settlement Website Deactivation | 90 days after Effective Date |
| --- | --- |

**Exhibit A**

Trident Data Incident Settlement
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class
Mail
US Postage
Paid
Permit #__

*Jefferson v. Trident Maritime Systems LLC*
Case No. 1:25-cv-00375

**IF YOUR PRIVATE INFORMATION WAS
COMPROMISED IN THE FEBRUARY 2023
TRIDENT MARITIME DATA INCIDENT,
A PROPOSED CLASS ACTION SETTLEMENT
MAY AFFECT YOUR RIGHTS,
AND ENTITLE YOU TO BENEFITS
AND A CASH PAYMENT.**

For more information about the proposed class
action settlement, including how to submit a claim,
exclude yourself, or submit an objection, please
visit www.[SettlementWebsite].com or call toll-free
**1-XXX-XXX-XXXX**

*A court has authorized this Notice.*

*This is not a solicitation from a lawyer.*

*You are not being sued.*

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

## Why am I receiving this notice?

A Settlement has been reached with Trident Maritime Systems LLC ("Trident") in a class action lawsuit. The case is about the February 2023 cyberattack on Trident's computers (the "Data Incident"). Files containing private information were compromised. Trident denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at www.[SettlementWebsite].com.

## Who is included in the Settlement?

The Court has defined the class as: "All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC experienced between February 1, 2023 and February 10, 2023."

The Court has appointed an experienced attorney, called "Class Counsel," to represent the Class.

## What are the Settlement benefits?

**Credit Monitoring**: you can enroll in three years of credit monitoring, and/or one of the following Cash Options:

**Cash Option 1**: you can claim reimbursement for documented losses up to **$5,000**, and additionally claim reimbursement for up to **$75** of lost time ($25/hour for up to 3 hours).

**Cash Option 2**: *instead of benefits in Cash Option 1*, you can get a one-time **$100** payment.

Full details and instructions are at www.[SettlementWebsite].com.

## How do I receive a benefit?

Visit www.[SettlementWebsite].com to file your claim. You can also call **1-XXX-XXX-XXXX** to request a paper copy of the Claim Form. **Claims must be submitted online or postmarked by [Claims Deadline]**.

## What if I don't want to participate in the Settlement?

If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Trident for claims related to the Data Incident. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available at www.[SettlementWebsite].com, explains how to exclude yourself or object.

## When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorney's fees and costs of up to $75,000.00, and $1,500 for the Plaintiff. You may attend the hearing at your own cost, but you do not have to.

**THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.**



**Exhibit B**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Jefferson v. Trident Maritime Systems LLC*
Case No. 1:25-cv-00375
United States District Court for the Eastern District of Virginia

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2023 TRIDENT MARITIME DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Trident Maritime Systems LLC ("Trident" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on Trident's computer systems that occurred on or about February 2023 (the "Data Incident"). Certain files that contained private information were compromised. These files may have contained personal information such as names, Social Security numbers, and dates of birth.

- The lawsuit is called *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375. It is pending in the United States District Court for the Eastern District of Virginia (the "Litigation").

- Trident denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- Trident's records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from Trident.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_____, 2025** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2025** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_____, 2025** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................. 3
WHO IS IN THE SETTLEMENT ............................................................................... 4
THE SETTLEMENT BENEFITS ................................................................................. 4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS .............................. 6
THE LAWYERS REPRESENTING YOU ................................................................... 6
EXCLUDING YOURSELF FROM THE SETTLEMENT .............................................. 7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT.................................. 7
THE COURT'S FINAL APPROVAL HEARING ......................................................... 8
IF I DO NOTHING .................................................................................................. 9
GETTING MORE INFORMATION ........................................................................... 9

# Basic Information

### 1. Why was this Notice issued?

The United States District Court for the Eastern District of Virginia, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375. It is pending in the United States District Court for the Eastern District of Virginia. The person that filed this lawsuit is called the "Plaintiff" (or "Class Representative") and the company they sued, Trident Maritime Systems LLC, is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit alleges that during the February 2023, targeted cyberattack on Trident's computer systems, certain files that contained private information were compromised. These files may have contained personal information such as names, Social Security numbers, and dates of birth.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out of the settlement. In this Settlement, the Class Representative is Shannon Jefferson, and all individuals who were notified of the Data Incident are the Class Members.

### 4. Why is there a Settlement?

The Court did not decide whether the Plaintiff or the Defendant is right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiff and their attorney think the Settlement is best for all Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Class this way: "All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC experienced between February 1, 2023 and February 10, 2023."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge in this case, and the Judge's family and staff, (2) Trident and its officers and directors; (3) anyone who validly excludes themselves from the Settlement; and (4) anyone who perpetrated the Data Incident.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Trident Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

Trident will establish a Settlement Fund of $210,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

All Class Members are eligible to receive three years of credit monitoring services. All Class Members may also submit a claim for **one** of two cash payment options:

| | | |
|---|---|---|
| **OPTION 1:** Select one or more of the following benefits:<br>• Cash Payment for Documented Losses<br>• Cash Payment for Lost Time | *OR* | **OPTION 2:** Alternative Cash Payment.<br>• Receive a one-time $100.00 cash payment |

More information about each of these benefits is below. Full details are in the Settlement Agreement, available at www.[SettlementWebsite].com.

**Credit Monitoring Services.** All Class Members are eligible to enroll in three years of Credit Monitoring Services from the three credit bureaus. This benefit comes with $1,000,000 in identity theft insurance and includes:

4

- real time monitoring of your credit file at all three credit bureaus
- dark web scanning
- comprehensive public records monitoring

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTION 1**

**Documented Losses.** If you incurred actual, <u>documented</u> out-of-pocket losses due to the Data Incident, you can file a claim for reimbursement up to **$5,000.00**. The losses must have occurred between February 1, 2023, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim.

**Cash Payment for Lost Time.** Class Members who spent time responding to the Data Incident may claim up to three hours, at $25.00 per hour, for a maximum of **$75.00**. This may be claimed in addition to "Documented Losses."

You must have spent the time on tasks related to the Data Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Incident.

**CASH PAYMENT OPTION 2**

**Alternative Cash Payment.** Instead of the benefits in Cash Payment Option 1, you may claim a one-time alternative cash payment. This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Trident Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

5

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against Trident about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section IX) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

## Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

Trident Data Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

## The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court appointed attorney Daniel Srourian of Srourian Law Firm P.C., to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the Court to approve $75,000.00, which will be paid from the Settlement Fund.

Class Counsel will also ask for a Service Award Payment of $1,500.00 for the Class Representative. The Service Award Payment will also be paid from the Settlement Fund.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue Trident on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375, pending in the United States District Court for the Eastern District of Virginia;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

Trident Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* Question 15)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *Jefferson v. Trident Maritime Systems LLC*, Case No. 1:25-cv-00375, pending in the United States District Court for the Eastern District of Virginia;

(2) your full name, mailing address, telephone number, and email address;

(3) whether the objection applies only to you, or to other Class Members, as well;

(4) a clear description of all the reasons you object; include any legal support you may have for your objection;

(5) if you have hired your own lawyer to represent you at the Final Approval Hearing, provide their name and telephone number;

(6) if you plan to file an objection, include your lawyer's background and experience; how much they expect to charge; and how they calculated that number;

(7) if you or your lawyer have objected in any other cases in the past five years, list the names, courts, and civil action numbers for each of those cases;

(8) whether or not you or your lawyer would like to speak at the Final Approval Hearing;

(9) if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

(10) your signature (if you have hired your own lawyer, your lawyer's signature is *not* sufficient).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by **[OBJECTION DATE]**. You must also send a copy of the objection to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | Trident Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date]** at **[Hearing Time]** **Eastern Time**, in Room [Court Room] of the United States District Court for the Eastern District of Virginia, at [Court Address].

8

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

At the final approval hearing, the Court will decide whether to approve the Settlement. The Court will also decide how Class Counsel should be paid, and whether to award a Service Award Payment to the Class Representative. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Trident Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].


**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

9

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Exhibit C**

<table>
<tr><td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</td><td>*Jefferson v. Trident Maritime Systems LLC*<br>Case No. 1:25-cv-00375<br>United States District Court for the Eastern District of Virginia<br><br>**Data Incident SETTLEMENT CLAIM FORM**</td><td>Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]</td></tr>
</table>

---

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC ("Trident") experienced between February 1, 2023 and February 10, 2023."

**Excluded from the Settlement Class** are: (1) the Judge in this case, and the Judge's family and staff, (2) Trident Maritime Systems, LLC and its officers and directors; (3) anyone who validly excludes themselves from the Settlement; and (4) anyone who perpetrated the Data Security Incident.

<u>**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**</u>

---

## AVAILABLE BENEFITS

Trident will establish a Settlement Fund of $210,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

All Class Members are eligible to receive three years of credit monitoring services. All Class Members may also submit a claim for <u>**one**</u> of two cash payment options:

<table>
<tr><td>**OPTION 1:** Select one or more of the following benefits:<br><br>• Cash Payment for Documented Losses<br>• Cash Payment for Lost Time</td><td>***OR***</td><td>**OPTION 2:** Alternative Cash Payment.<br><br>• Receive a one-time $100.00 cash payment</td></tr>
</table>

More information about each of these benefits is below. Full details are in the Settlement Agreement, available at www.[SettlementWebsite].com.

**Credit Monitoring Services.** All Class Members are eligible to enroll in three years of Credit Monitoring Services from the three credit bureaus. This benefit comes with $1 million in identity theft insurance and includes:

- real time monitoring of your credit file at all three credit bureaus

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Jefferson v. Trident Maritime Systems LLC*

Case No. 1:25-cv-00375

United States District Court for the Eastern District of Virginia

**Data Incident SETTLEMENT CLAIM FORM**

- dark web scanning
- comprehensive public records monitoring

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

## CASH PAYMENT OPTION 1

**Documented Losses.** If you incurred actual, underlined out-of-pocket losses due to the Data Incident, you can file a claim for reimbursement up to **$5,000.00**. The losses must have occurred between February 1, 2023, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone are not enough to make a valid claim.

**Cash Payment for Lost Time.** Class Members who spent time responding to the Data Incident may claim up to three hours, at $25.00 per hour, for a maximum of **$75.00**.

You must have spent the time on tasks related to the Data Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Incident.

## CASH PAYMENT OPTION 2

**Alternative Cash Payment.** Instead of the benefits in Option 1, you may claim a one-time cash payment. This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: Trident Data Incident Settlement, c/o Settlement Administrator, [PO Box Number], Santa Ana, CA 92799-9958.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Jefferson v. Trident Maritime Systems LLC*

Case No. 1:25-cv-00375

United States District Court for the Eastern District of Virginia

**Data Incident SETTLEMENT CLAIM FORM**

**THE EASIEST WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT
www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail to:

Trident Data Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

You must submit online, mail, or email your Claim Form by **[Claims Deadline]**.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Jefferson v. Trident Maritime Systems LLC*

Case No. 1:25-cv-00375

United States District Court for the Eastern District of Virginia

**Data Incident SETTLEMENT CLAIM FORM**

| Your claim must be submitted online or postmarked by: [Claims Deadline] | | Your claim must be submitted online or postmarked by: [Claims Deadline] |
|---|---|---|

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form. All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID (if known)

## II. CREDIT MONITORING SERVICES

☐ Check this box if you would like to enroll in three years of Credit Monitoring Services from the three credit bureaus.

## III. DOCUMENTED LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> out-of-pocket expenses. You can recover up to $5,000.00.

*Please complete the table below, describing the supporting documentation you are submitting.*

| *Description of Documentation Provided* | *Amount* |
|---|---|
| *Example: Receipt for payment of fee for credit report* | *$40* |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

*Jefferson v. Trident Maritime Systems LLC*

Case No. 1:25-cv-00375
United States District Court for the Eastern District of Virginia

**Data Incident SETTLEMENT CLAIM FORM**

---

### IV.  CASH PAYMENT FOR LOST TIME

If you spent time fixing problems caused by the Data Incident, please select how many hours (up to three):

I spent (select only **one**):     ☐ 1 hour ($25.00)     ☐ 2 hours ($50.00)     ☐ 3 hours ($75.00)

If you claim Documented Losses (Section III, above), the combined total reimbursement for documented out of pocket losses *and* lost time is capped at $5,000.00.

---

### V.  ALTERNATIVE CASH PAYMENT

☐   Check this box if you want to claim a one-time $100.00 cash payment.

**DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING BENEFITS FROM SECTION II, III, OR IV**.

Select your payment option and sign on the next page.

*Jefferson v. Trident Maritime Systems LLC*

Case No. 1:25-cv-00375
United States District Court for the Eastern District of Virginia

**Data Incident SETTLEMENT CLAIM FORM**

Your claim must
be submitted
online or
postmarked by:
[Claims Deadline]

## VI.  PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:_____

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

## VII.  ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, and any supporting documentation, provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____          _____          _____
Signature                                               Printed Name                                             Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**