UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SHANNON OATES JEFFERSON, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>TRIDENT MARITIME SYSTEMS, LLC<br>      Defendant. | Case No. 1:25-cv-00375-LMB-LRVVAED |

**DECLARATION OF DANIEL SROURIAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ISSUANCE OF NOTICE TO SETTLEMENT CLASS**

I, Daniel Srourian, being competent to testify, make the following declaration based on my personal knowledge and, where stated, upon information and belief. I declare:

1. I am an attorney in the law firm Srourian Law Firm, P.C. and am counsel of record for Plaintiff Shannon Oates Jefferson and the Settlement Class in this matter. I submit this Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts stated below. If called on to do so, I could and would competently testify thereto.

2. Since the founding of Srourian Law Firm, P.C., Srourian Law Firm, P.C. has helped secure several significant orders in consumer class action cases. Notable class action recoveries obtained include the following: Adrian Guerrero et al. v. Ruth's Hospitality Group, No. JCCP5243, (Riverside County, Ca.), $6,000,000.00 recovered on behalf of over 3,000 current/former restaurant employees (preliminary approval granted, final approval pending);

1

Kirk McLemore et al. v. Nautilus Hyosung America, Inc., No. 2:17-cv-02298-CBM (C.D. Cal.), $3,182,979.00 recovered on behalf of nearly 1,000 current/former nationwide ATM technicians (Final Approval granted in 2020) ; Robert Bennet v. 48Forty Solutions, LLC, No. CVRI2201011 (Riverside County, Ca.) $1,950,000.00 recovered on behalf of approximately 850 warehouse employees (settlement pending approval); Diego Zamudio v. Letter Ride, No. RIC1805755 (Riverside County, Ca.) $1,000,000.00 recovered on behalf of approximately 1,000 delivery drivers (Final Approval granted in 2019); Kevork Manoukian v. John Bean Technologies, No. BC688700 (Los Angeles County, Ca.) $987,500.00 recovered on behalf of over 500 LAX airport staff (Final Approval granted in 2020); Chelsea Medlock et al. v. MedMen Dispensary, No. 18STCV05391 (Los Angeles County, Ca.) $975,000.00 recovered on behalf of nearly 1,000 retail workers (settlement finally approved in 2021). It is further notable that none of the mentioned cases provided for any sort of reversion or claims process, thereby providing maximum relief to those injured.

  3. Srourian Law Firm currently has been appointed Co-Lead Counsel by various courts in various class action data breach matters, including Malinowski et al. v. International Business Machine Corporation, et al. (7:23-cv-08421-NSR) (S.D. New York), a national data breach involving approximately 500,000 individuals, and Conifer et al. v. Conifer Revenue Cycle Solutions, LLC, et al. (2:23-CV-01987 AB), a national data breach involving approximately 100,000 individuals. Additionally, Srourian Law Firm has been appointed to the Plaintiff's Steering/Executive Committee for the class action data breach cases Cain et al v. CGM, L.L.C (1:23-cv-02604) (N.D. Georgia), Hahn et al. v. Phoenician Medical Center, Inc., (CV2023-010982) (Superior Court of the State of Arizona, County of Maricopa), Dudurkaewa v. Midfirst Bank and Midland Financial Co., (5:23-cv-00817-R) (W.D. Oklahoma), Trottier v. Sysco Corporation (4:23-cv-01818) (S.D. Texas), Mathis v. Planet Home Lending, LLC (3:24-cv-00127) (D. Conn.), Gambino v. Berry, Dunn, McNeil & Parker, LLC (2:24-cv-00146) (D. Maine), and Tambroni v. WellNow Urgent Care, P.C. (1:24-cv-01595) (N.D. Illinois)

4. I gained extensive class action litigation experience, having vigorously litigated approximately 200 wage and hour class actions to date, including conducting complex written discovery and taking depositions. Overall, since starting the practice of law in 2013, I have conducted at least 300 depositions on various matters for which I have served as plaintiff's counsel, as well as conducted three trials, one of which produced a successful verdict in the amount of $1,541,000 when Defendant's top pre-trial offer was $450,000.00, while another produced a successful jury verdict in the amount of $1,041,697.00 when Defendant's top pre-trial offer was a mere $30,000.00.

5. Attached hereto as **Exhibit A** is a true and correct copy of the firm resume detailing additional experience.

## Initial Investigation and Communications

10. This is a putative class action brought by Plaintiff Shannon Oates Jefferson ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated (the "Settlement Class"), against Trident Maritime Systems, LLC. ("Defendant" or "Trident," and, together with Plaintiff, the "Parties"). The suit arose out of an incident that occurred between February 1, 2023, and February 10, 2023, where Defendant became the victim of a cyber-attack potentially impacting Personal Information1 of consumers stored within Trident's network (the "Security Incident").

11. After receiving notice on February 27, 2025, that her Personal Information may have been impacted by the Security Incident, Plaintiff Jefferson retained my firm.

12. I and my team vigorously and aggressively gathered all information available regarding Trident and the alleged Security Incident, including publicly-available documents

concerning announcements and Notice of the Security Incident that were sent to Trident's current and former associates and franchisees.

13. Our initial investigation into the facts and circumstances of the alleged Security Incident revealed that the attack against Trident likely involved sensitive personal information belonging to its current and former customers, information that was stored in Trident's computer network.

**Procedural Posture**

14. After an initial investigation, on February 27, 2025, I (along with other members of my team and our co-counsel) filed a Class Action Complaint (the "Complaint") in the United States District Court for the Eastern District of Virginia on behalf of Plaintiff Jefferson, individually and on behalf of all others similarly situated, alleging causes of action for: (1) Negligence; (2) Negligence Per Se; (3) Breach of Confidence; (4) breach of implied contract; (5) , Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Breach of Fiduciary Duty; (7) Unjust Enrichment (8) Declaratory Judgment.

15. Prior to the Settlement, the Parties exchanged informal and confirmatory discovery to allow for meaningful evaluation of the claims and to better inform the parties in anticipation of settlement. Information and documents produced by Trident included information about the scope of the Data Breach and the class size, allowing Srourian Law Firm, P.C. to fully evaluate the strengths and weaknesses of Plaintiff Jefferson's case and to effectively conduct settlement negotiations.

16. The parties negotiated the myriad of details regarding the Settlement, circulating drafts back and forth of the Settlement Agreement and its many exhibits. Specifically, the Parties diligently negotiated the final terms of settlement and drafted and finalized the Settlement

Agreement, along with accompanying notice forms, a claim form, and other exhibits. The Settlement Agreement and exhibits were finalized

17. Defendant also obtained competitive bids from various experienced Settlement Administrators and thereafter, with Plaintiff's input and approval, selected Simpluris, Inc. ("Simpluris") to act as the Settlement Administrator, subject to the Court's approval.

18. The Settlement is the result of prolonged arm's length negotiations, as well as emails directly exchanged between experienced counsel who had a comprehensive understanding of the strengths and weaknesses of each party's claims and defenses. The Settlement was reached only after Srourian Law Firm, P.C. analyzed information provided by Trident in informal and confirmatory discovery and performed other research and investigation related to the Security Incident.

19. While the negotiations between Plaintiff's counsel and Defendant's counsel were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with both sides forcefully advocating the position of their respective clients.

*Settlement Class*

20. Under the terms of the Settlement, the Parties agreed to certification of the following Settlement Class for settlement purposes only: all persons Trident identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach.

The Settlement Class specifically excludes the following individuals: any judge presiding over this matter and any members of their first-degree relatives, judicial staff, Trident's officers, directors, and members, and persons who timely and validly request exclusion from the Settlement Class.

21. The Settlement Class consists of approximately 5,111 individuals.

*Settlement Benefits*

22. The Settlement negotiated on behalf of the Class will provide direct monetary relief to Settlement Class Members, via a $210,000 non-reversionary Settlement Fund, for reimbursement of expenses incurred as a result of the Security Incident. Settlement Class Members may qualify and submit a Claim Form for a proportional share of the following Settlement Benefits:

a. Up to $75 for each Settlement Class Member as Compensation for Lost Time. Settlement Class Members may submit a Settlement Claim for compensation for up to three (3) hours of time spent addressing the Security Incident, compensated at $25/hour. A Settlement Claim must be signed by the Settlement Class Member and include an attestation that the Settlement Claim is true and correct, to the best of their knowledge and belief, and is being made under penalty of perjury. For a claim for compensation of more than three (3) hours of lost time to be an Approved Claim, a Settlement Class Member must submit a timely and valid Settlement Claim that includes third-party evidence supporting the claim.

b. Up to $5,000.00 in compensation for each Settlement Class Member who has suffered Out-of-Pocket Losses and who submits a timely and valid Settlement Claim to the Settlement Administrator that is signed by the Settlement Class Member, which includes an attestation that the Settlement Class Member's Settlement Claim is true and correct, to the best of their knowledge and belief, and is being made under penalty of perjury. The Settlement Class Member must also submit third-party evidence supporting the claim for Out-of-Pocket Losses.

Such losses may include:

1. Losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or identity theft insurance, and such expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

2. Alternative Cash Payment. In lieu of the above monetary benefits, Class Members can elect to receive a cash payment of (presumptively) up to $100, in recognition of their superior statutory claims.

3. Credit Monitoring. Trident will offer three years of credit monitoring with at least $1 million in identity theft protection services and assistance in implementing further protections, including freezing and unfreezing credit, to each Class Member who makes a claim.

23. The Settlement Agreement provides that to the extent any monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to Virginia Legal Aid as a cy pres distribution.

*Release*

24. The release in this case is tailored to the claims that have been pleaded or could have been pleaded in this case.

25. Settlement Class Members who do not exclude themselves from the Settlement will release all claims against Trident related to the Security Incident.

7

*Notice*

26. This Settlement will be administered by Simpluris, Inc.

27. All costs associated with the Notice Program will be paid from the $210,000.00 Settlement Fund.

28. No later than seven (7) calendar days after entry of the Preliminary Approval Order, Trident shall provide the Settlement Administrator with the name and address that Trident has in its possession for each Settlement Class Member.

29. The Parties shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program set forth below, with such Notice to be substantially completed no later than the Notice Deadline, which is thirty (30) days after entry of the Preliminary Approval Order:

    a. The Settlement Administrator shall send the Short Form Notice via U.S. Mail to all such Settlement Class Members for whom Trident can ascertain a mailing address from its records with reasonable effort.

    b. For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Short Form Notice to the updated address as indicated.

    c. For any U.S. Mailed Short Form Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the

National Change of Address Database) and re-mail the Short Form Notice to the extent an updated address is identified.

d. The Settlement Administrator need only make one attempt to re-mail any Short Form Notices that are returned as undeliverable.

e. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

f. On or before the Notice Date, the Long Form Notice will be published on the Settlement Website, as specified in the Proposed Preliminary Approval Order.

30. In addition to direct Notice, the Settlement Administrator will establish a Settlement Website where Settlement Class Members can access the Settlement Agreement, the Claim Form, the Notices, and other important case documents. Moreover, Settlement Class Members may contact the Settlement Administrator directly through the Settlement Website, the Internet URL address for which will be provided in the Long Form Notice and the Short Form Notice.

31. The Notice Program includes a customary Short Form Notice and Long Form Notice, in addition to a Claim Form. These Notice documents inform individuals in the Settlement Class of the nature of the action, the definition of the certified class, the material terms of the Settlement Agreement, advise them of their rights as Settlement Class Members, the class claims

at issue, the proposed Settlement, their eligibility for compensation, provide descriptions of the claims process, and explain the various options available to members of the Settlement Class, which include making a claim, requesting exclusion, and making an objection to the Settlement Agreement, their ability to enter an appearance through an attorney (at their own cost) if the member so desires, and the binding effect of a judgment in the action. The Notice also provides information regarding the requested attorneys' fees, costs, and service award that are sought by Plaintiff and Class Counsel, and provides contact information should any Settlement Class Member wish to get any additional information about the Settlement, including the Claim Form, the Long Form Notice, and the Settlement Agreement, and the date of the Final Approval Hearing, from the Settlement Website.

32. The Parties will request that, after Notice is completed, the Court hold a Final Approval Hearing and grant final approval of the class action settlement.

33. The Notice Program is designed and intended to reach as many potential Settlement Class Members as possible, is the best notice practicable, and is designed to meet all the criteria set forth in the *Manual for Complex Litigation.*

34. As such, the Notice Plan set forth in the Settlement Agreement comports with Federal Rule of Civil Procedure 23(c)(2)(b) and the United States Constitution and exceeds Due Process requirements.

### *Claims Process*

35. The timing of the claims process is structured to ensure that all Settlement Class Members have adequate time to receive Notice, to review the terms of the Settlement Agreement

and other relevant documents and decide whether they would like to make a claim or opt out or object.

36. Individuals in the Settlement Class who are seeking any Settlement Benefits under the Settlement must submit a Claim Form, postmarked or submitted online, on or before the 60th day after the Notice Deadline.

37. The 90-day period to submit claims provides ample time for Settlement Class Members to decide whether to make a claim for reimbursement of monetary losses, lost time, and/or free credit monitoring services.

*Exclusions*

38. Settlement Class Members who seek to be excluded from the Settlement Class must submit a request in writing postmarked on or before the Opt-Out Deadline.

39. The notice of exclusion must state the individual's name and address, a statement that he or she wants to be excluded from the Settlement Class, and the individual's signature.

40. Requests for exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

*Objections*

41. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting

the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member and his/her attorney, if applicable, have submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

42. Any Class Member who does not make their objection in the manner and by the date set forth in the Settlement Agreement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

*Service Award, Fees, and Costs*

43. The Settlement allows Class Counsel to make an application to the Court for an award of reasonable attorneys' fees, costs, and expenses to be paid from the settlement fund.

44. The Parties did not discuss payment of attorneys' fees, costs, expenses, and service award until after the substantive terms of the settlement had been agreed upon, other than that Trident would not object to a request for reasonable attorneys' fees, costs, expenses, and service award as may be ordered by the Court.

45. Plaintiff's counsel intends to apply for an attorneys' fee award not to exceed $70,000.00, subject to Court approval. Trident also agrees to pay Plaintiff a service award in the

amount of $1,500.00 for her services rendered on behalf of the Settlement Class, subject to Court approval.

46. The Service Award is meant to recognize Plaintiff for her efforts on behalf of the Settlement Class, including providing information for pleadings and settlement discussions, informal discovery responses, engaging with Class Counsel regarding the litigation, participating in the settlement negotiations via email, and approving the proposed Settlement terms.

47. Plaintiff's support for the Settlement as fair, reasonable, and adequate is not conditioned upon the Court's award of the requested Service Award. The Parties did not discuss or agree upon the amount of the maximum amount of Service Award for which Plaintiff as Class Representative could apply until after the substantive terms of the Settlement had been agreed upon.

48. In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amount requested, the remaining provisions of the Settlement Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court concerning the amount of the Service Award shall constitute grounds for cancellation or termination of the Settlement Agreement.

49. Plaintiff has no conflicts of interest with the other members of the Settlement Class, Plaintiff had her Personal Information allegedly compromised in the same Security Incident as the other Settlement Class Members, and Plaintiff shares the Class' interests of maximizing their recovery and preventing future harm.

50. In my opinion, I believe the Settlement is fair, reasonable, and adequate and provides significant benefits for Plaintiff and the Settlement Class Members.

51. My years of experience representing individuals in complex class actions— including data breach actions—contributed to an awareness of Plaintiff's settlement leverage, as well as the needs of Plaintiff and the proposed Settlement Class. I believe that Plaintiff would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals.

52. Specifically, should the case continue, the Parties would engage in costly discovery (including retaining expert witnesses), in addition to class certification briefing and dispositive motion practice.

53. Considering the inherent uncertainty of litigation, if this case were to proceed, there is also a non-insubstantial probability that Class Members would receive significantly truncated benefits, or no benefits at all.

54. As a result, it is my individual opinion, based on my substantial experience, that the Settlement provides significant relief to the Settlement Class Members and warrants the Court's preliminary approval. I believe this Settlement is a positive resolution for the Settlement Class and falls comfortably within the range of reasonableness and represents a fair and reasonable discount from potential recovery. It is also my considered opinion that the Claim Form, Short Form Notice, and Long Form Notice accurately and plainly explain the Settlement Benefits and how to obtain them, offer a clear opportunity for members of the Settlement Class to exclude themselves if they so choose, and provide a mechanism for the Settlement Class to share their opinions about the Settlement with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June 2025, at Beverly Hills, California.

Dated: June 23 , 2025

By: */s/ Daniel Srourian*

Daniel Srourian, Esq.*
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr Ste 200
Beverly Hills, California 90210
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email: daniel@slfla.com

*Counsel for Representative Plaintiff and the Proposed Class(es)*

*Pro Hac Vice Forthcoming

**Exhibit A**





**WWW.SLFLA.COM**

**P**: 213.474.3800

**F**: 213.471.4160

**LOS ANGELES**

3435 Wilshire Blvd. Suite 1710

Los Angeles, CA 90010

**ORANGE COUNTY**

1503 South Cost Drive, Suite 210

Costa Mesa, California 92626

## OUR FIRM

Based in Los Angeles, Srourian Law Firm, P.C. handles complex civil and employment matters with an emphasis on data privacy, wage and hour, and employment matters.

Lead attorney Daniel Srourian, Esq. began the firm in 2013 exclusively litigating class actions on behalf of employees and consumers across the country, having recovered over $25 million as lead counsel on over 100 class action lawsuits to date. Mr. Srourian has also obtained two multi-million dollar verdicts in the two cases he has tried to a jury, including the 50th largest jury trial verdict in the State of California in 2016.

Mr. Srourian has been named a Rising Star by Super Lawyers Magazine for eight consecutive years. He currently serves as counsel of record in over 40 pending data breach class action suits.

## REPRESENTATIVE AND NOTABLE CLASS ACTION CASES

**Guerrero v. Ruth's Chris Hospitality Group, et al.,** Riverside County Superior Court. Class action on behalf of over 3,000 employees of a national restaurant for unpaid minimum and overtime wages, meal and rest break premiums, and associated penalties under California law. Case settled in 2022 for $6,000,000.00 with Preliminary Approval pending.

**McLemore v. Nautilus Hyosung America, Inc.,** United Stated District Court, Central District of California, Class action seeking minimum wage and overtime compensation for on-call time, break premiums, wage statement penalties, among other penalties, for engineers employed by defendant throughout the country. Plaintiffs' counsel. Case settled in 2018 for $3,000,000, with Final Approval granted and no objections filed.

**Guerrero v. Chefs' Toys LLC,** Orange County Superior Court. Class action seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for hotel staff employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2021 for $1,100,000.00 with Preliminary Approval pending.

**Zamudio v. Letter Ride Inc.,** Plaintiffs' counsel in class action in San Diego Superior Court seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for delivery drivers employed by defendant in the State of California. Case settled in 2019 for $1,000,000.00 with Final Approval granted and no objections filed.

**Manoukian v. John Bean Technologies,** United Stated District Court, Central District of California, Class action seeking minimum wage and overtime compensation, break premiums, wage statement penalties, among other penalties, for non-exempt employees employed by defendant throughout the State of California. Plaintiffs' counsel. Case settled in 2018 for $987,500, with Final Approval granted and no objections filed.

**Medlock v. MedMen Dispensary,** Orange County Superior Court. Class action seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for hotel staff employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2020 for $975,000.00 with Final Approval granted and no objections filed.

**Mayca v. DHL,** Los Angeles County Superior Court. Class action seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for hotel staff employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2019 for $945,000.00 with Final Approval granted and no objections filed.

**Sylvester v. Starwood Inc.,** Los Angeles Superior Court. Class action seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for hotel staff employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2015 for $875,000, with Final Approval granted and no objections filed.

**Patterson v. LA Leasing Inc.,** San Diego Superior Court, Class action seeking minimum wage and overtime compensation, break premiums, wage statement penalties, among other penalties, for employees employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2018 for $425,000, with Preliminary Approval granted and Final Approval pending.

**Sears v. AlliedBarton,** San Bernardino Superior Court, Class action seeking reimbursement of necessary business expenditures, among other penalties, for employees employed by defendant in the State of California. Plaintiffs' counsel. Case settled in 2018 for $425,000, with Preliminary Approval granted and Final Approval pending.

**Prado v. Sand and Sea Inc.,** Plaintiffs' counsel in pending class action in Los Angeles Superior Court seeking overtime compensation, break premiums, wage statement penalties, among other penalties, for front of house/back of house staff employed by defendant in the State of California. Case settled in 2019 for $500,000.00 with Final Approval granted and no objections filed.