IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SHANNON OATES JEFFERSON, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>TRIDENT MARITIME SYSTEMS, LLC<br>　　　　　　　Defendant. | Case No. 1:25-cv-00375-LMB-LRVVAED |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

The Court having considered Plaintiff's Motion for Preliminary Approval and related papers, and finding no just reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement (the "Order" or "Preliminary Approval Order"),

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**
### PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The Settlement Agreement, which is attached to Plaintiff's Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1, is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2. The Court has jurisdiction over (a) the claims at issue in this lawsuit, (b) Plaintiff

1

Shannon Oates Jefferson, individually and on behalf of all others similarly situated ("Plaintiff"), and (c) Defendant Trident Maritime Systems, LLC ("Trident" or "Defendant" and together with Plaintiff, the "Parties").

3. This Order is based on Federal Rule of Civil Procedure 23 ("Rule 23").

4. The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiff's Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members, pursuant to Rule 23(e).

## PROCEDURAL HISTORY

5. This case involves a putative class action against Trident relating to a data security incident against Trident (the "Incident") that potentially allowed an unauthorized actor to access the Personal Information of approximately 5,111 individuals from February 1, 2023 and February 10, 2023. Trident announced the Incident in a notice sent in February 2025.

6. On February 27, 2025, Plaintiff Jefferson filed a Complaint alleging, among other things, that Trident failed to take adequate measures to protect her and other putative Class Members' Personal Information and failed to disclose that its systems were susceptible to such a criminal attack.

7. The Complaint alleges the following causes of action: (1) negligence; (2) negligence per se; (3) Breach of Confidence; (4) breach of implied contract; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Breach of Fiduciary Duty; (7) Unjust Enrichment (8) Declaratory Judgment.

## **SETTLEMENT BENEFITS AND AGGREGATE CAP**

8. The Settlement negotiated on behalf of the Class provides for monetary relief to be paid by Trident to eligible claimants of a Settlement Class that includes 5,111 persons whose Personal Information was compromised as a result of the Incident and who were sent written notice thereof. Settlement Class Members may be eligible to receive the following Settlement Benefits:

    a. Three Years of Credit Monitoring: All Settlement Class Members who submit a valid, complete, and timely Claim using the Claim Form, which is attached as Exhibit A to the Settlement Agreement, shall be eligible to receive three years of credit monitoring services.

    b. Payments: All Settlement Class Members who submit a valid, complete, and timely Claim using the Claim Form, which is attached as Exhibit A to the Settlement Agreement, are eligible to be paid the following:

        i. Reimbursements for Lost Time, up to $75 for each Settlement Class Member. Lost Time will be reimbursed at a rate of $25 per hour, and a maximum of three (3) hours can be claimed, with an attestation that they spent that much time responding to issues raised by the Incident.

        ii. Documented Ordinary Losses up to $5,000 for each Settlement Class Member as reimbursement for actual, documented, unreimbursed out-of-pocket expenses.

        iii. Alternative Cash Payment: in lieu of the Settlement benefits listed above, non-Settlement Class Members can elect to receive an Alternative Cash Payment of $100.

9. The payments available to Settlement Class Members, together with Settlement administration charges, Plaintiff's service award, and Plaintiff's attorneys' fees and expenses, shall derive from the $210,000.00 non-reversionary Net Settlement Fund. To the extent any

monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to Virginia Legal Aid as a cy pres distribution.

## CLASS CERTIFICATION

10. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(b), the Court provisionally certifies the class, defined as follows:

" All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC experienced between February 1, 2023 and February 10, 2023." Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. For purposes of settling this Action, the Parties conditionally stipulate and agree that the requirements for establishing class certification with respect to the Settlement Class have been met, and that the Settlement Class is comprised of 5,111 individuals.."

## SETTLEMENT CLASS REPRESENTATIVE AND CLASS COUNSEL

11. Plaintiff Jefferson is hereby provisionally designated and appointed as the Class Representative. The Court provisionally finds that the Class Representative is similarly situated to absent Settlement Class Members and is typical of the Settlement Class, and, therefore, will be an adequate Class Representative.

12. The Court finds that Daniel Srourian of Srourian Law Firm, P.C. is experienced and adequate counsel and is provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

13. No later than twenty eight (28) business days after entry of the Preliminary Approval Order (the "Notice Deadline"), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Short Form Notice to the Settlement Class Members as follows:

    a. The Settlement Administrator will send the Short Form Notice via U.S. mail, postage prepaid;

    b. For any Settlement Class Member for whom notice is returned as undeliverable, the Settlement Administrator shall re-mail the Short Form Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

    c. For any Short Form Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Short Form Notice to the extent an updated address is identified.

    d. The Settlement Administrator need only make one attempt to re-mail any Short Form Notices that are returned as undeliverable.

    e. Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

14. Also, by the Notice Deadline, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet. The Settlement Administrator shall create the Settlement Website at www.TridentDataBreach.com (or a substantially similar website to be approved by

the Parties). The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, the Settlement Agreement, this Preliminary Approval Order, the Memorandum in Support of the Motion for Preliminary Approval, as well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall further allow for submission of Claim Forms and Requests for Exclusion electronically through the Settlement Website. The Claim Form will be posted in PDF format as well as in a user-friendly format allowing filling out of the forms online.

     15. The Claim Form, Long Form Notice, and Summary Notice, attached as Exhibits A, B, and C, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process under Rule 23(c)(2)(b), the United States Constitution, and other applicable laws. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto, (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

16. The Notice Program set forth in the Settlement Agreement and described herein satisfies the requirements of Rule 23(c)(2)(b), provides the best notice practicable under the circumstances, and is hereby approved.

17. The Settlement Administrator is directed to carry out Notice and the Notice Program, as set forth in the Settlement Agreement.

18. The deadline for Settlement Class Members to submit timely Claim Forms is thirty (30) days after the Notice Deadline.

19. Settlement Class Members who seek to be excluded from the Settlement Class must notify the Settlement Administrator in writing, postmarked no later than sixty (60) days after the Notice Deadline (the "Opt-Out Deadline"). Any Settlement Class Member may submit a request for exclusion from the Settlement at any time before the Opt-Out Deadline. To be valid, the request for exclusion must be postmarked or received by the Settlement Administrator on or before the Opt-Out Deadline. Any person who elects to request exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

20. Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. A Settlement Class Member who wishes to object to the Settlement Benefits, the Service Award Request, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for

why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in the Settlement Agreement. No Class Member or other person will be heard on such matters unless they have filed in this Action an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member or other person who wishes the Court to consider, within sixty (60) days of the Notice Deadline.

21. All written objections and supporting papers must clearly set forth the following: A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member and his/her attorney, if applicable, have submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

22. Any Settlement Class Member who does not make their objections in the manner and by the date set forth herein and in the Settlement Agreement shall be deemed to have waived any

objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

23. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

24. The Settlement Administrator, on behalf of Trident will serve or cause to be served the notice to state and territory attorneys general required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") no more than ten (10) days after the Motion for Preliminary Approval and the Settlement Agreement are filed with Court.

## ADMINISTRATION OF SETTLEMENT

25. The Class Representative, Settlement Class Counsel, and Trident have created a process for assessing the validity of claims and a payment method to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section 59 of the Settlement Agreement.

26. The Court appoints Simpluris, Inc. as Settlement Administrator.

27. The Court directs that the Settlement Administrator distribute Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

28. Settlement Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

29. If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

## FINAL APPROVAL HEARING

30. A Final Approval Hearing shall be held on _____ 2025 at the _____ noticed on the Settlement Website. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

31. At the Final Approval Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant Rule 23(a)(1)-(4), (b)(3) & (c)(1)(b); (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (5) Class Counsel's application for Attorneys' Fee Award and Costs should be approved; and (6) the Class Representative's request for a Service Award should be approved.

32. Plaintiff will file her motion for final approval at least fourteen (14) days in advance of the Objection Deadline. At that same time, Class Counsel shall file their motion for an award of Attorneys' Fees and Costs, and Class Representative's request for a Service Award.

33. If the Settlement is not finally approved by the Court, the Parties are directed pursuant to the Settlement to negotiate in good faith to attempt to revise the Agreement as needed to obtain Court approval. Failing a mutually agreed upon revision, this Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions. In such an event, Settlement Class Members, Settlement Class Representative and Class Counsel shall not in any way be responsible or liable for any expenses, including costs of notice and administration associated with the Settlement or the Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs.

34. In the event the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever (except as necessary to explain the timing of the procedural history of the Action).

35. This order shall have no continuing force or effect if a Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by Trident of any fault, wrongdoing, breach, liability, or the certifiability of any class.

36. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

**SETTLLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
| --- | --- |
| Settlement Administrator provides W-9 to Trident | 5 days after Preliminary Approval Order |
| Trident provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Trident to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |

11

| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
|---|---|
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator to Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses, and Class Representative Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Dated:            ,2025                                        _____

**Hon. Judge Leonie M. Brinkema**
**UNITED STATES DISTRICT JUDGE**