IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANNON OATES JEFFERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRIDENT MARITIME SYSTEMS, LLC,<br><br>Defendant | Case No.: 1:25-cv-00375-LMB-LRV |

## FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and Motion for Final Approval, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members. Venue is proper in this Court.

2. This Order incorporates and makes a part hereof: (a) the Class Action Settlement Agreement, fully executed as of June 23, 2025 ("Settlement Agreement"), including the definitions in the Settlement Agreement and (b) the Notices attached as Exhibits thereto, respectively, all of which were filed with the Court on June 23, 2025. All capitalized terms

used in this Order have the same meaning as set forth in the Settlement Agreement, unless otherwise defined herein.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, for purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(b), the Court provisionally certifies the class, defined as follows: "All individuals in the United States whose Private Information was compromised in the data security incident that Trident Maritime Systems, LLC experienced between February 1, 2023 and February 10, 2023." Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. <u>Class Representative</u>. Plaintiff Shannon Oates Jefferson ("Class Representative") is hereby appointed, for settlement purposes only, as representative for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>. Srourian Law Firm, P.C. is hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of Notice to Settlement Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of (i) the

pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion for an Award of Attorneys' Fees, Costs, and Service Award to the Class Representative; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for a Service Award to the Class Representative and for a Fee and Cost Award; and (vii) their right to appear at the Final Approval Hearing; (viii) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (ix) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

8. <u>Objections</u>. Pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure, Class Members have the opportunity to file objections. The deadline for submitting objections was October 27, 2025.

9. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the consideration provided for in the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court finds that, pursuant to Rule 23(e)(2), (A) the Class

Representative and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is fair, reasonable, and adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Class Representative; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice.</u> The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement and in this Order.

11. <u>Binding Effect.</u> The terms of the Settlement Agreement and of this Order shall be forever binding on Defendant, Plaintiff, and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form, seeks or obtains a Settlement benefit, or has objected to the Settlement), as well as their respective successors and assigns.

12. <u>Opt-Outs.</u> The Opt-Out Deadline was October 27, 2025. As of the date of Plaintiff's Motion for Final Approval, no Class Member has requested exclusion from the Settlement.

13. <u>Releases.</u> The releases set forth in Section 8 of the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Order, without further action by anyone,

upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that Plaintiff and each and every member of the Settlement Class (except those who submitted proper and timely Requests for Exclusion by the Opt-Out Deadline) shall have released the Released Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

14. <u>Future Prosecutions Barred</u>. Plaintiff and all Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims against any of the Released Parties.

15. <u>No Admission of Liability</u>. The Court hereby decrees that the Settlement, this Order, and the fact of the Settlement do not constitute admissions or concessions by Defendant or any of the Released Parties of any fault, wrongdoing, or liability whatsoever, or an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16. <u>Modification of the Settlement Agreement</u>. Without further approval from the Court, Plaintiff, by and through Class Counsel, and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits

attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Members of the Settlement Class in connection with the Settlement. Without further order of the Court, Plaintiff, by and through Class Counsel, and Defendant may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Order in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions pursuant to the Settlement; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of interpreting, implementing, and enforcing the settlement embodied in the Settlement Agreement.

18. <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiff, Class Members, and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Dated: December 19, 2025

/s/ 
Leonie M. Brinkema
United States District Judge